UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ERIC GRIFFIN, | ) | |
| Petitioner, | ) | 2:12-cv-00132-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| RUSHING, *et al.,* | ) | |
| Respondents. | ) | |

Petitioner Eric Griffin, proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1-1.) On April 24, 2012, the court issued an order denying petitioner's request that the court order respondents to release funds for the purpose of paying the filing fee. (ECF No. 6.) The court ordered petitioner to either pay the $5.00 filing fee or submit a motion to proceed *in forma pauperis* that accurately reflects his current financial status. (*Id*.)

Petitioner has filed a new motion to proceed *in forma pauperis*. (ECF No. 7.) Petitioner acknowledges that the motion lacks the required financial certificate but states that prison authorities refuse to fill out the financial certificate, despite his requests. In light of petitioner's representations, the court grants his motion to proceed *in forma pauperis* in this action.

Rule 4 of the Rules Governing Section 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

Petitioner expressly commenced this action pursuant to 28 U.S.C. § 2254. However, as discussed in one of petitioner's other cases before this court, 2:11-cv-01665-KJD-VCF, petitioner is currently awaiting trial on federal criminal charges in this court in case number 2:09-cr-00493-RLH-RJJ.[1]

Section 2254 applies to persons "in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a). Petitioner is not in custody pursuant to a state court judgment, and thus, his petition is not cognizable under § 2254.

Even if the court were to construe the petition as arising under 28 U.S.C. § 2241 and as challenging petitioner's pretrial detention, it plainly appears that petitioner is not entitled to relief. The Rules Governing Section 2254 Cases in the United States District Courts are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Thus, the court conducts the same initial review of the petition even if it arises under 28 U.S.C. § 2241. "The purpose of habeas corpus is to test the legality of detention." *Arias v. Rogers*, 676 F.2d 1139, 1142 (7th Cir. 1982). Pretrial petitions for habeas corpus "are properly brought under 28 U.S.C.A. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987). "It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial." *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918). Here, petitioner baldly states that his detention is illegal.

---

[1] The court may take judicial notice of court records. *See United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir.1980) (stating that judicial notice may be taken of a court's records in other cases, or the records of an inferior court in another case).

1. Petitioner states that the Nevada Supreme Court denied him his right to counsel and due process and that his conviction by the Nevada Supreme Court is illegal. As mentioned above, petitioner is detained because of federal, not state, criminal charges. Petitioner's vague, conclusory, and frivolous allegations fail to show that he is entitled to relief under § 2241. Therefore, the court dismisses the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases because it plainly appears that petitioner is not entitled to relief.

**IT IS THEREFORE ORDERED** that petitioner's motion to proceed in forma pauperis (ECF No. 7) is **GRANTED.**

**IT IS FURTHER ORDERED** that the clerk shall **FILE** the petition (ECF No. 1-1.)

**IT IS FURTHER ORDERED** that the petition (ECF No. 1-1) is **DISMISSED** under Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that petitioner's motions for the appointment of counsel (ECF Nos. 2, 4) are **DENIED as moot.**

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**DATED** this 2nd day of August, 2012.

_____
Gloria M. Navarro
United States District Judge